his motion to suppress physical evidence seized after his arrest because there was no reasonable suspicion to justify the stop of his vehicle. While on patrol, the arresting officer received a radio call that defendant was driving a motor vehicle in an identified location. The officer knew defendant and knew that his driver's license had been revoked. Furthermore, before stopping defendant's vehicle, the officer confirmed by a computer check that defendant's driver's license had been revoked. Therefore, the officer had reasonable suspicion that defendant was committing aggravated unlicensed operation of a motor vehicle (*see,* Vehicle and Traffic Law § 511), justifying his stop of the vehicle (*see, People v Sallito,* 186 AD2d 766, 767, *lv denied* 80 NY2d 1030; *People v Ceballos,* 175 AD2d 315, *lv denied* 78 NY2d 1074). The failure of defendant to produce a driver's license provided the officer with probable cause to arrest him for that offense (*see, People v Watson,* 177 AD2d 676, *lv denied* 79 NY2d 954; *People v Miller,* 149 AD2d 538, 541). (Appeal from Judgment of Ontario County Court, Reed, J.—Assault, 2nd Degree.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLIVER KIMMONS, Appellant. [643 NYS2d 449] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that his due process and equal protection rights were violated by the nearly eight-year delay between the filing of his notice of appeal and the perfection of the appeal. The delay in the perfection of the appeal is in large part attributable to defendant's failure to proceed *pro se* or to request assigned counsel (*see, People v Gonzalez,* 184 AD2d 525, 526, *lv denied* 80 NY2d 904; *cf., Simmons v Reynolds,* 898 F2d 865). (Appeal from Judgment of Niagara County Court, DiFlorio, J.—Criminal Sale Controlled Substance, 4th Degree.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.

■ CARL W. GROSUL et al., Individually and as Executors of LUCY GROSUL, Deceased, Appellants-Respondents, v JAMES MC-CLAIN et al., Defendants, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent-Appellant. [643 NYS2d 439] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Mintz, J. (Appeals from Order of Supreme Court, Niagara County, Mintz, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.

■ In the Matter of MONICA W., a Child Alleged to be Abused. JEFFREY W., Appellant; NIAGARA COUNTY DEPARTMENT

OF SOCIAL SERVICES, Respondent. (Appeal No. 1.) [643 NYS2d 455] —Appeal unanimously dismissed without costs (*see, Matter of Lisa E.* [appeal No. 1], 207 AD2d 983). (Appeal from Order of Niagara County Family Court, Crapsi, J.—Child Abuse.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.

■ In the Matter of MONICA W., a Child Alleged to be Abused. JEFFREY W., Appellant; NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Appeal No. 2.) [643 NYS2d 456] —Appeal unanimously dismissed without costs (*see generally, Matter of Lisa E.* [appeal No. 1], 207 AD2d 983). (Appeal from Order of Niagara County Family Court, Crapsi, J.—Set Aside Order.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER A. POLK, Appellant. (Appeal No. 1.) [643 NYS2d 837] —Judgment unanimously affirmed. Memorandum: Defendant contends that his pleas of guilty under both indictments, on which he was represented by two different assigned counsel, must be vacated because he was denied effective assistance of counsel under one of the indictments at the plea proceedings. We disagree. Prior to sentencing, defendant made a motion to withdraw his guilty pleas on the ground that he was denied effective assistance of counsel. County Court, in accordance with this Court's decision in *People v Kellar* (213 AD2d 1063), properly assigned a different attorney to represent defendant before determining defendant's motion. The court did not abuse its discretion in denying defendant's renewed motion to withdraw the guilty pleas (*see, People v Tinsley*, 35 NY2d 926, 927; *People v Witcher*, 222 AD2d 1016; *People v Rodriguez*, 150 AD2d 812, 813, *lv denied* 74 NY2d 818). (Appeal from Judgment of Erie County Court, Rogowski, J.—Attempted Robbery, 2nd Degree.) Present—Denman, P. J., Pine, Callahan, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER A. POLK, Appellant. (Appeal No. 2.) [643 NYS2d 463] —Judgment unanimously affirmed. Same Memorandum as in *People v Polk* (227 AD2d 985 [decided herewith]). (Appeal from Judgment of Erie County Court, Rogowski, J.—Attempted Robbery, 2nd Degree.) Present—Denman, P. J., Pine, Callahan, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE HENLEY, Appellant. [643 NYS2d 449] —Judgment unanimously affirmed (*see, People v Saunders*, 190 AD2d 1092, 1093,